**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Pickett,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No.  CV-19-05336-PHX-DMF<br><br>**ORDER** |

At issue is the denial of Plaintiff Kimberly Pickett's Application for Social Security Disability Insurance benefits by the Social Security Administration (SSA) under the Social Security Act.  Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 15, Def. Br.), and Plaintiff's Reply Brief (Doc. 18, Reply).  The Court has reviewed the briefs and Administrative Record (Doc. 13, R.) and now remands this matter for further consideration consistent with this Order.

**I.    BACKGROUND**

Plaintiff filed her Application for Disability Insurance benefits on June 17, 2014, alleging disability beginning May 21, 2013.  (R. at 41, 61.)  Her claim was denied initially on June 2, 2015, and upon reconsideration on December 1, 2015.  (R. at 41, 142-54.)  On October 25, 2017 Plaintiff appeared at a hearing before the ALJ.  (R. at 41, 61-101.)  On

March 21, 2018, the ALJ denied Plaintiff's Application, and on March 15, 2019, the Appeals Council denied Plaintiff's Request for Review and adopted the ALJ's decision as the agency's final decision. (R. at 8-10, 41-52.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: degenerative disc disease of the cervical spine; status post discectomy, fusion, and foraminotonomy at C7 and T1; chronic C8 and T1 radiculopathy; and headaches. (R. at 44.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from the alleged disability onset-date through the date of the decision. (R. at 42.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 46.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"):

> [Plaintiff] has the [RFC] to occasionally lift and carry 10 pounds, frequently lift and carry less than 10 pounds, stand and/or walk for six hours in an eight-hour day, and sit for six hours in an eight-hour day. [Plaintiff] can occasionally push and pull with the left upper extremity. She can frequently balance; can never climb ladders, ropes, or scaffolds; and can never crawl. [Plaintiff] can never reach overhead with the left upper extremity; can occasionally reach overhead with the right upper extremity; and can frequently handle, finger, and feel with the left upper extremity. She can occasionally reach in front of the body and/or laterally with the left upper extremity. [Plaintiff] can have occasional exposure to loud excessive noise and excessive vibration but can have no exposure to dangerous machinery and unprotected heights.

(R. at 46.) Accordingly, the ALJ found that Plaintiff can perform jobs that exist in significant numbers in the national economy. (R. at 51.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503,

517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

. . .

. . .

### III.   ANALYSIS

Plaintiff raises two primary arguments for the Court's consideration. First, Plaintiff argues the ALJ incorrectly rejected her symptom testimony. (Pl. Br. at 11-17.) Second, Plaintiff argues the ALJ improperly weighed the evidence of Dr. Terry McLean, the industrial insurance carrier examiner. (Pl. Br. at 17-22.)

The Court agrees with Plaintiff's arguments and remands for the ALJ to reconsider Plaintiff's symptom testimony and the testimony of Dr. McLean. The ALJ improperly rejected Plaintiff's symptom testimony because she did not provide specific, clear, and convincing reasons for rejecting the testimony. Further, the ALJ incorrectly rejected Dr. McLean's opinion that Plaintiff would need to change positions from sitting to standing frequently because she did not provide evidence to support its rejection.

#### A.   The ALJ erred by improperly weighing Plaintiff's testimony.

Plaintiff contends the ALJ erred in rejecting her symptom testimony. (Pl. Br. at 11-17.) An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). This is the most demanding standard in Social Security cases. *Garrison*, 759 F.3d at 1014-15.

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by

substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "'whether the claimant engages in daily activities inconsistent with the alleged symptoms.'" *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment," *id.* at 1113, or where they suggest that "later claims about the severity of [the] limitations were exaggerated," *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009). Additionally, the ALJ may consider "whether the claimant takes medication or undergoes other treatment for the symptoms." *Lingenfelter*, 504 F.3d at 1040; *see* 20 C.F.R. § 404.1529(c)(3). "Impairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony, but that cannot form the sole basis for discounting the testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ rejected Plaintiff's symptom testimony for two reasons, both of which were flawed. First, the ALJ rejected Plaintiff's symptom testimony based on Plaintiff's medical history. (R. at 47.) Second, the ALJ rejected Plaintiff's symptom testimony based on Plaintiff's activities of daily living (ADLs). (R. at 49.) The ALJ did not provide "specific, clear and convincing" reasons for rejecting Plaintiff's testimony. *Garrison*, 759 F.3d at 1014.

The ALJ's finding that Plaintiff's statements were inconsistent with the medical records showed little consideration of relevant medical records. (R. at 40.) For example, the ALJ found that Plaintiff "does not rely on narcotic medications for pain, which is not consistent with her allegations of needing frequent rest breaks." (R. at 49.) The ALJ failed to mention that Plaintiff is allergic to narcotics, as Plaintiff explained at the hearing, which is why she uses other treatment options to manage her pain. (R. at 70.) Additionally,

Plaintiff correctly notes the ALJ provided no support to show that if Plaintiff were taking narcotics she would need to take breaks less frequently. (Pl. Br. at 14.) This reasoning is flawed because it assumes Plaintiff would not need frequent rest breaks if she were taking narcotics, and it does not account for the fact that Plaintiff is allergic to narcotics.

The ALJ also found that Plaintiff's headaches are managed with medication and that an MRI could not confirm lesions were present; this reasoning does not logically follow from the cited MRI, however. (R. at 49.) The MRI showed "several punctate T2 and FLAIR hyperintensities in the periventricular and subcortical white matter, greater than expected for the patients age. Findings are nonspecific but may be seen in the setting of chronic migraines, vasculitis, early stigmata or small vessel disease, demyelinating process or prior trauma." (R. at 1544.) The ALJ's opinion ignores the MRI finding of chronic migraines, but the ALJ still cites to the MRI in finding Plaintiff does not have headaches or migraines.

The ALJ's analysis of Plaintiff's ADLs was similarly flawed. The ALJ stated that Plaintiff's ADLs were not consistent with her allegations. (R. at 49.) The ALJ opined that Plaintiff's ADLs were not consistent with her allegations because she can walk for 20 to 30 minutes, drive short distances, and fly to California for treatment. (R. at 49.) The ALJ's analysis ends there, however, and does not explain how Plaintiff's ADLs are inconsistent with her allegations. The ALJ has not met the standard of "specific, clear and convincing" by simply indicating the Plaintiff's ADLs are not consistent with her symptom testimony but providing no further detail. *See Garrison*, 759 F.3d at 1014.

Since the ALJ provided inadequate reasoning for rejecting Plaintiff's symptom testimony, the Court finds error.

**B.   The ALJ erred in weighing the opinion of Plaintiff's examining physician, Dr. McLean.**

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830-31 (9th Cir. 1996)). "Where such an opinion is contradicted, however, it may be rejected for

specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ assigned substantial weight to Dr. McLean's opinions with one exception—the ALJ assigned little weight to his opinion that Plaintiff would need to change positions every 30-60 minutes throughout the workday. (Pl. Br. at 17-18; R. at 49-50, 710, 1287.) The ALJ stated that she rejected the opinion because Dr. McLean did not refer to any specific medical findings to support the opinion, and that Dr. McLean's examination reflected "normal findings related to [Plaintiff's] lumb[a]r spine and lower extremities, including no difficulty getting from a sitting to standing position." (R. at 50, 707, 1284.)

Here, the ALJ's reasoning for giving little weight to Dr. McLean's opinion is not supported by specific and legitimate reasons. The ALJ's reliance on a finding that Plaintiff does not have difficulty switching from sitting to standing is not obviously relevant to Dr. McLean's opinion that Plaintiff needs to change positions every 30-60 minutes. Dr. McLean opined both that Plaintiff had no difficulty switching from one position to the other and that Plaintiff would need to change positions every 30-60 minutes—these two opinions are not mutually exclusive. (R. at 50, 707, 710, 1284, 1287.) Dr. McLean's opinion is not saying that Plaintiff cannot get from one position to another, his opinion is that Plaintiff *needs* to get from one position to another. The ALJ's finding that Plaintiff can move from one position to another proves nothing because Dr. McLean never opined that Plaintiff could not move from one position to another.

Further, the ALJ noted that Plaintiff had difficulty sitting still at the hearing. (R. at 79.) Specifically, the ALJ stated Plaintiff was "extremely fidgety and moving around the chair," noting that she could only sit still for a moment. (R. at 79.) The ALJ asked Plaintiff why she was not sitting still, and she explained that "[s]mall adjustments help with a little bit of relief. It's constant on the nerves, so sometimes just small adjustments help to just

take that bite." (R. at 80.) She said it was hard to find a position. (R. at 80.) The ALJ gave little weight to Dr. McLean's opinion even after she observed that Plaintiff was not able to sit without fidgeting out of discomfort. The ALJ observed Dr. McLean's opinions in action. Plaintiff had no issues switching positions but *needed* to repeatedly do so. Thus, because the ALJ failed to provide a specific and legitimate reason for assigning little weight to Dr. McLean's opinion, the Court remands this matter so the ALJ can reanalyze Dr. McLean's opinion.

### C. The Credit-as-True Rule Does Not Apply.

Plaintiff asks the Court to apply the "credit-as-true" rule, which would result in a remand of Plaintiff's case for payment of benefits rather than for further proceedings. (Pl. Br. at 22–23.) The credit-as-true rule only applies in cases where three elements are present. *Treichler*, 775 F.3d at 1099-1102. First, the ALJ must have failed to provide legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, the record must be fully developed, there must be no outstanding issues that must be resolved before a determination of disability can be made, and the Court must find that further administrative proceedings would not be useful. *Id.* at 1101. Further proceedings are considered useful when there are conflicts and ambiguities that must be resolved. *Id.* Third, if the above elements are met, the Court may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

In this case, the ordinary remand rule, not the credit-as-true rule applies. Because the ALJ did not correctly evaluate the opinion of Dr. McLean, this case still presents evidentiary ambiguities that must be resolved. Specifically, the ALJ did not properly address whether Plaintiff needs to change positions frequently and what effect that limitation would have on her job prospects.

Accordingly, the Court will remand this matter to the ALJ for further development of the record and a new disability determination.

**IT IS THEREFORE ORDERED** remanding this matter to the Social Security Administration for further proceedings consistent with the Order. Specifically, the ALJ must consider Plaintiff's symptom testimony and reanalyze Dr. McLean's opinion.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly and close this case.

Dated this 8th day of October, 2020.

_____
Honorable Deborah M. Fine
United States Magistrate Judge